FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

06 APR -6 PM 1:11

STEPHEN [...], CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

| | |
|---|---|
| WARNER BROS. ENTERTAINMENT INC., a Delaware corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL NO. 1:06CV0108 WCL ) |
| HOLLY BURTON, | ) ) |
| Defendant. | ) COMPLAINT FOR COPYRIGHT ) INFRINGEMENT ) |

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*).

2. This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

3. This Court has personal jurisdiction over Defendant, and venue in this District is proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a), because Defendant resides in this District and the acts of infringement complained of herein originated in this District.

## PARTIES

4. Plaintiff Warner Bros. Entertainment Inc. ("Plaintiff") is one of the world's leading creators and distributors of motion pictures. Plaintiff brings this action to stop Defendant from copying and distributing to others over the Internet unauthorized copies of Plaintiff's copyrighted motion pictures. Defendant's infringements allow Defendant and others to unlawfully obtain and distribute for free unauthorized copyrighted works that Plaintiff spends millions of dollars to create and/or distribute. Each time Defendant unlawfully distributes a free copy of Plaintiff's copyrighted motion pictures to others over the Internet, each person who

copies that motion picture can then distribute that unlawful copy to others without any significant degradation in sound and picture quality. Thus, Defendant's distribution of even one unlawful copy of a motion picture can result in the nearly instantaneous worldwide distribution of that single copy to a limitless number of people. Plaintiff now seeks redress for this rampant infringement of its exclusive rights.

5.  Plaintiff is a Delaware corporation, with its principal place of business at 4000 Warner Boulevard, Burbank, California. Plaintiff is engaged in the production, acquisition and distribution of motion pictures for theatrical exhibition, home entertainment and other forms of distribution. Plaintiff is the owner of the copyrights and/or the pertinent exclusive rights under copyright in the United States in motion pictures, including those identified in Exhibit A, which have been unlawfully distributed over the Internet by the Defendant.

6.  Upon information and belief, Defendant, an individual, resides in this District.

## COUNT I

### INFRINGEMENT OF COPYRIGHTS

7.  Plaintiff is responsible for the creation, development, production and distribution of numerous commercially released motion pictures.

8.  At all relevant times Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendant, as alleged hereunder, for certain copyrighted motion pictures, including, but not limited to, *Batman Begins* and *Cinderella Story* (collectively, the "Copyrighted Motion Pictures"). Each of the Copyrighted Motion Pictures is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights. True and correct copies of these Certificates of Copyright Registration are attached hereto as Exhibit A.

9.  Each of the Copyrighted Motion Pictures contains a copyright notice advising the viewer that the motion picture is protected by the copyright laws.

10. Plaintiff is informed and believes that Defendant, without the permission or consent of Plaintiff, has used, and continues to use, an online media distribution system to distribute to the public, including by making available for distribution to others, on or about July 8, 2005, the Copyrighted Motion Pictures. In doing so, Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act of 1976 (17 U.S.C. § 101 *et seq.*).

11. The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to Plaintiff's rights.

12. As a result of Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504, and to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

13. Defendant's conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's copyrights and ordering that Defendant destroy all copies of the Copyrighted Motion Pictures made in violation of Plaintiff's copyrights.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For entry of preliminary and permanent injunctions providing Defendant shall be enjoined from directly or indirectly infringing Plaintiff's rights in the Copyrighted Motion Pictures and any motion picture, whether now in existence or later created, that is owned or controlled by Plaintiff ("the Plaintiff's Motion Pictures"), including without limitation by using the Internet to

reproduce or copy any of the Plaintiff's Motion Pictures, to distribute any of the Plaintiff's Motion Pictures, or to make any of the Plaintiff's Motion Pictures available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Defendant also shall destroy all copies of the Plaintiff's Motion Pictures that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of those downloaded motion pictures transferred onto any physical medium or device in Defendant's possession, custody, or control.

2.  For actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of Plaintiff.

3.  For Plaintiff's costs.

4.  For Plaintiff's reasonable attorneys' fees.

5.  For such other and further relief as the Court deems proper.

MILLER MURPHY & MILLER LLP

LOEB & LOEB LLP

Dated: 4/6/06

By: _____
Calvert S. Miller (#18079-02)
MILLER MURPHY & MILLER LLP
110 W. Berry Street, Suite 1500
Fort Wayne, IN 46802
Phone: (260) 423-1500
Fax: (260) 458-8191
csm@millermurphymiller.com

Alexandra N. DeNeve (pro hac vice pending)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
Phone: (212) 407-4000
Fax: (212) 407-4990
adeneve@loeb.com

Attorneys for WARNER BROS.

AO 121 (6/90)

| TO: | | |
|---|---|---|
| **Register of Copyrights**<br>**Copyright Office**<br>**Library of Congress**<br>**Washington, D.C. 20559** | | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION OR APPEAL**<br>**REGARDING A COPYRIGHT** |

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| ☒ ACTION | ☐ APPEAL | COURT NAME AND LOCATION<br>UNITED STATES DISTRICT COURT<br>Nothern District of Indiana<br>1300 S. Harrison St.<br>Fort Wayne, IN 46802 | |
|---|---|---|---|
| DOCKET NO. | DATE FILED | | |
| PLAINTIFF<br>WARNER BROS. | | | DEFENDANT<br>HOLLY BURTON |
| COPYRIGHT<br>REGISTRATION NO. | TITLE OF WORK | | AUTHOR OF WORK |
| 1 | <u>See</u> Exhibit A, attached. | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | |
|---|---|---|
| COPYRIGHT<br>REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
| 1 | | |
| 2 | | |
| 3 | | |

In the above-entitled case, a final decision was rendered on the date entered below. A copy of the order or judgment together with the written opinion, if any, of the court is attached:

| COPY ATTACHED<br>☐ Order   ☐ Judgment | WRITTEN OPINION ATTACHED<br>☐ Yes   ☐ No | DATE RENDERED |
|---|---|---|
| CLERK | (BY) DEPUTY CLERK | DATE |

*U.S.G.P.O. 1982-374-279

Copy 1 – Upon initiation of action, mail this copy to Register of Copyrights.